## VALIDITY OF A CONTRACT FOR SALE OF REAL ESTATE.

Circuit Court of Cuyahoga County.

THE TAYLOR LAND & IMPROVEMENT COMPANY v.
FRANK H. ELWORTHY.

Decided, November 13, 1912.

*Contracts—A Contract Results Upon the Meeting of the Minds Upon all Material Points.*

A written contract for the sale of certain real estate which is definite as to the subject-matter of the contract, the amount to be paid and the dates of payment, shows a meeting of the minds on all the material parts of the contract and it is not rendered unenforceable by the fact that a blank space was left to be filled in with a list of second mortgages to be taken as collateral to secure the payment of the purchase money when due.

*A. C. Waid* and *Geier, Farrell & Edwards,* for plaintiff in error.

*Dellenbaugh, Newman & Heintz,* contra.

MARVIN, J.; WINCH, J., and NIMAN, J., concur.

The real question in this case is whether the parties hereto entered into a contract on the 13th day of April, 1909. If they did, the plaintiff is entitled to recover in this action, for it is not claimed that the defendant has performed any such contract, while it is clear from the evidence that if what was done by the parties on that day constituted a contract between them, there has been no failure to perform on the part of the plaintiff.

On the date mentioned the parties both signed in duplicate a written instrument, each taking a copy.

The clauses of said writing especially to be considered to determine whether it constitutes a contract, read as follows:

"The party of the first part hath this day agreed to sell unto the party of the second part the following described tract or lot of land" (describing it) "and the said party of the second part doth hereby agree to pay to the said party of the first part, its successors or assigns, for the land aforesaid, the sum of thirteen thousand two hundred and ninety dollars ($13,290), being the value of said premises, payable as follows: The said Frank H. Elworthy is to execute his promissory note of even date for said sum of $13,290 payable in sums of $135 per month, said promissory note to be secured by the following notes and second mortgages as collateral."

This last sentence is not followed by any list or description of any notes or mortgages, the next words reading, "together with interest thereon from this date," etc.

On the part of the defendants it is urged that this omission to name the contemplated collateral shows that the minds of the parties never met, and that there was therefore no contract.

We do not regard this contention as sound. Their minds did meet on the terms of the sale. The plaintiff was to sell the premises to the defendant for a definite sum of money, which sum the defendant promised to pay at a fixed rate per month, and to evidence this he was to give his promissory note.

The language quoted indicates that the parties contemplated that certain collateral security would be given, but there was a distinct promise to sell at a price; there was a distinct promise to pay that price in fixed installments, and to evidence such promise to pay installments by a promissory note. Nothing else was fixed by this contract, but all these things were fixed.

If it be urged that this blank in reference to the collateral shows that the minds of the parties did not meet, to a degree, at least, the same argument might be urged because of another blank in the instrument as to insurance, in the following sentence: "Said grantee agrees to have and keep the buildings upon said lot insured in the sum of $—— in company," etc.

It would hardly be urged that because of this blank there was not a meeting of minds, to such degree as to constitute a contract between the parties.

Take the next clause of the sentence relative to insurance; it reads: "In a company to the full satisfaction of said first party."

A claim that there was no contract because the minds had not met upon the particular insurance company, whose policy should be obtained, would surely not be sustained.

If we go to the oral evidence to determine whether the minds had met, and if from that we should find that the entire contract was not expressed in the written instrument, we should have to find that they did meet upon the proposition that collateral security, in the form of notes and second mortgages to the satisfaction of John W. Taylor, was to be furnished.

This is as definite and complete a meeting of the minds as there is a building contract which provides that materials and workmanship are to be to the satisfaction of an architect; and yet this is the common form of such contracts, and they are universally upheld. *Page on Contracts*, Sections 349 and 1380.

We conclude, therefore, that if there were nothing in the oral evidence to modify the writing, it constitutes a contract. If the same is modified by the oral evidence, such modification is simply that the clause as to the collateral was to be that they were to be such as were satisfactory to John W. Taylor; that

this does not make the contract void for uncertainty, and that, therefore, there was a valid contract between the parties and that the defendant has failed to perform.

There is a provision in this contract that failure to pay as stipulated, for three days after any payment becomes due, shall authorize the plaintiff, at its option, to declare all the remaining payments to be due. Nothing has been paid by the defendant; the plaintiff has exercised the option by bringing this suit and is entitled to an accounting of the amount of purchase money and interest remaining unpaid, together with taxes, etc., and to an order that unless the defendant, within a day to be named by the court, shall pay in full the amount so found due, the premises be sold and the avails be applied to the payment of the costs in this action, and to the payment of the amount due the plaintiff.

Decree accordingly.